498 Pa. 589 (1982)
450 A.2d 613
The PENNSYLVANIA PUBLIC UTILITY COMMISSION BAR ASSOCIATION, by its President, Michael C. Schnierle, and Vice President, Daniel P. Delaney, Petitioner-Appellee,
v.
Richard THORNBURGH, Governor of the Commonwealth of Pennsylvania, State Ethics Commission, LeRoy S. Zimmerman, Attorney General of the Commonwealth of Pennsylvania, Richard A. Lewis, District Attorney of Dauphin County, Respondents-Appellants.
Supreme Court of Pennsylvania.
Argued May 17, 1982.
Decided June 17, 1982.
Clarification Denied October 8, 1982.
Dissenting Opinion October 8, 1982.
William S. Rawls, Deputy Atty. Gen., for Richard Thornburgh et al.
Daniel P. Delaney, Middletown, for Public Utility Com'n Bar Ass'n.
Sandra S. Christianson, Gen. Counsel State Ethics Com'n, Harrisburg, for State Ethics Com'n, et al.
Louise Russel Knight, Lewisburg, John F. Pouilaitis, Harrisburg, for Public Utility Com'n Bar Ass'n.
Richard A. Lewis, Dist. Atty., for Richard A. Lewis.
Gregory H.S. Golden, Deputy Atty. Gen., for Richard Thornburgh et al., in No. 81-2-289.
Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

*590 ORDER
PER CURIAM:
Order affirmed, 62 Pa.Cmwlth. 88, 434 A.2d 1327.
HUTCHINSON, J., dissents.
LARSEN and McDERMOTT, JJ., did not participate in the consideration or decision of this case.

ORDER
PER CURIAM:
Application denied.
HUTCHINSON, J., files a dissenting opinion.
HUTCHINSON, Justice, dissenting.
In a declaratory judgment proceeding the Commonwealth Court held section 3(e) of the Ethics Act, Act of October 4, 1978, P.L. 883, 65 P.S. § 403(e) is unconstitutional as applied to lawyers who have served as assistant counsel in the Public Utility Commission and seek to practice before the Commission within one year after leaving that body.[1] In so holding the Commonwealth Court concluded "where an attorney purports to render professional services to a client, whether or not those services relate to activities which in and of themselves, may not constitute the practice of law, the attorney's conduct is regulated exclusively by the Supreme Court." 62 Pa. Commonwealth Ct. 88 n.7, 434 A.2d 1327, 1331-32 n.7 (1981).
This Court affirmed by way of per curiam order. 498 Pa. 589, 450 A.2d 613 (1982) (Hutchinson, J., dissenting). The Ethics Commission now seeks clarification as to what constitutes the "practice of law" under that per curiam order. Because the case involves important and delicate issues relating to the division of power within our tripartite system *591 of government, I believe the Commission is entitled to clarification. I further believe a refusal to clarify demonstrates the majority's continuing failure to appreciate and address the tension between its per curiam affirmance and that doctrine. Hence this opinion.
Article 5, section 10 of the Pennsylvania Constitution provides, inter alia:
(c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, and for admission to the bar and to practice law.
Pa.R.D.E. 103 which interprets article V, section 10 states:
The Supreme Court declares that it has inherent and exclusive power to supervise the conduct of attorneys who are its officers (which power is reasserted in Section 10(c) of Article V of the Constitution of Pennsylvania) and in furtherance thereof promulgates these rules which shall supersede all other court rules and statutes pertaining to disciplinary enforcement heretofore promulgated.
(emphasis added).
In Wajert v. State Ethics Commission, 491 Pa. 255, 420 A.2d 439 (1980) a case on which the Commonwealth Court relies, this Court held section 3(e) of the Ethics Act is unconstitutional as applied to restrict a retired Common Pleas Judge from appearing before that court within the first year following his retirement. In a dictum this Court acknowledged the statute was probably unconstitutional as applied to attorneys who seek to practice in Pennsylvania's courts. Of course, practice in the courts of Pennsylvania constitutes the practice of law and to that extent Pa.R.D.E. 103 gives this Court exclusive power to supervise the conduct of attorneys and judges. But see infra p. 615.
*592 However, the Wajert opinion did not address the question presented in this case: (1) Whether representation of clients before the Public Utility Commission, an entity created by the legislature, constitutes the practice of law[2] and, if it does not, (2) Whether Article V, section 10 grants this Court exclusive jurisdiction over all professional activities of attorneys or whether the scope of our "exclusive" jurisdiction is restricted to those activities which constitute the practice of law.
The Commonwealth Court's conclusion that all activities of attorneys are subject to exclusive regulation by the Supreme Court is patently absurd. Taken to the extreme it would mean that the Legislature could not provide criminal sanctions for the defalcative acts of attorneys. The principle, as applied to the present facts, means the Legislature, which created the Public Utility Commission by statute,[3] cannot impose reasonable restrictions on its attorney employees. On its face, that order precludes the legislative branch from imposing any economic strictures on conflict of interest upon the legal profession beyond those imposed by members of that profession itself. Without casting aspersions on the sincere and laudable efforts of this Court to guard against unethical conduct by members of our profession I believe the people of this Commonwealth, through their elected representatives, are entitled to adopt reasonable prophylactic rules to guard against the perceived evil of conflict of interest.
The Code of Professional Responsibility, which this Court has adopted as the standard of conduct for attorneys of all the Courts of the Commonwealth, expressly recognizes the virtue of such a prophylactic policy by requiring that attorneys *593 avoid even the appearance of impropriety. See D.R. 9-101. However, the Code imposes only a hortatory general restriction on the conduct of lawyers after they leave public employment. D.R. 9-101(B) provides only that "(a) lawyer shall not accept private employment in a matter in which he had substantial responsibility while a public employee." There is no apparent contradiction between the Code of Professional Responsibility and the Ethics Act. The legislature has merely exercised its authority to enact a more stringent rule addressing the same subject as D.R. 9-101, declaring that a particular private employment within a specified period presents the appearance of impropriety we generally condemn. A determination that such employment is offensive in appearance is not manifestly unreasonable. Furthermore, it gives specific content to our rule's appeal to conscience.
There is a strong presumption in favor of the constitutionality of statutes. School Districts of Deer Lakes and Allegheny County v. Kane, 463 Pa. 554, 345 A.2d 658 (1975). If legislation has been duly enacted by the General Assembly and is within the scope of legislative power, challengers bear a heavy burden of proving beyond a reasonable doubt that it clearly, palpably and plainly violates the Constitution. Shapp v. Sloan, 480 Pa. 449, 391 A.2d 595 (1978). I believe this Court substantially ignores that presumption when it invalidates a statute on constitutional grounds as applied to one of the largest and most influential classes of persons against whom it was intended to apply and does so by way of a per curiam order without an explanatory opinion.
I am deeply troubled by the Commonwealth Court's reliance here, and our equally uncritical reliance in Wajert, upon a Rule of Disciplinary Enforcement as dispositive of the scope of this Court's jurisdiction over the activities of attorneys. The Rule, without elaboration or reasoning, reads the expression "exclusive jurisdiction" into article V, section 10. That Rule is, of course, subject to the test of a constitutional challenge raised via the litigation process. The word "exclusive" was not placed in the text of the *594 Constitution by its framers. Its insertion by the Court unnecessarily deprives a co-equal branch of concurrent jurisdiction over activities of attorneys. There is simply no basis in the Constitution for the Rule's use of the word "exclusive".
Accordingly, I would grant the Ethics Commission's application for clarification.
NOTES
[1] Section 3(e) of the Act provides: "No former official or public employee shall represent a person, with or without compensation, on any matter before the governmental body with which he has been associated for one year after he leaves that body."
[2] This Court has consistently held the question of what constitutes the "practice of law" turns upon a careful analysis of the particular judgment involved and that expertise that must be brought to bear on its exercise. Dauphin County Bar Ass'n. v. Mazzacaro, 465 Pa. 545, 351 A.2d 229 (1976); Shortz v. Farrell, 327 Pa. 81, 193 A. 20 (1937).
[3] See Section 1 of the Act of July 1, 1978, P.L. 598, No. 116, 66 Pa. C.S. § 301.